# United States Court of Appeals for the Fifth Circuit

---

No. 25-30285
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHARLES ROY,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-82-1

---

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Charles Roy was sentenced to a total of 160 months in prison after pleading guilty to drug and firearm offenses. He appeals, contending the district court erred by counting a prior Louisiana conviction for simple robbery as a crime of violence under U.S.S.G. § 4B1.1(a). He argues that

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30285

Louisiana simple robbery does not qualify as a crime of violence because it encompasses conduct that is merely reckless or negligent.

Our review is de novo. *See United States v. Enrique-Ascencio*, 857 F.3d 668, 672 (5th Cir. 2017). Not all general intent crimes in Louisiana can be committed with a reckless or negligent mental state. *United States v. Lanaute*, 169 F.4th 641, 644 (5th Cir. 2026), *petition for cert. filed* (U.S. June 10, 2026) (No. 25-7615). And while Roy maintains that Louisiana cases confirm that an unintended use or threatened use of force can support a conviction for simple robbery, the cases he cites fall short. As Roy fails to show a "realistic probability" that Louisiana would apply its simple robbery statute to reckless or negligent acts, we conclude the district court did not err in treating his robbery conviction as a crime of violence under the force clause. *United States v. Castillo-Rivera*, 853 F.3d 218, 222 (5th Cir. 2017) (en banc) (internal quotation marks and citation omitted); *see* U.S.S.G. § 4B1.2(a)(1); *Lanaute*, 169 F.4th at 645-46.

Accordingly, the judgment of the district court is AFFIRMED.